Weinstein v E*Trade Sec., LLC (2024 NY Slip Op 06143)

Weinstein v E*Trade Sec., LLC

2024 NY Slip Op 06143

Decided on December 05, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 05, 2024

Before: Kern, J.P., Friedman, Kennedy, Scarpulla, Rosado, JJ. 

Ind No. 655132/21 Appeal No. 3174 Case No. 2023-05387 

[*1]Raymond M. Weinstein, Plaintiff-Appellant,
v
E*Trade Securities, LLC, Defendant-Respondent.

Raymond M. Weinstein, appellant pro se.
Bressler, Amery & Ross, P.C., New York (Joseph L. Calabrese of counsel), for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered October 24, 2023, which granted defendant's motion to compel arbitration and stay the action, and denied plaintiff's motion for leave to amend the complaint to include punitive damages and stay of payment under a promissory note, his motion for a declaration that he satisfied the promissory note, and his motion for an order to preserve evidence, unanimously affirmed, without costs.
Supreme Court had jurisdiction to compel arbitration of plaintiff's claims (CPLR 7501, 7503[a]). The record shows that the parties had a valid agreement to arbitrate any controversy between them and such agreements are enforced by their terms (see First Commerce, LLC v St. Mark's Prop. Acquisition LLC, 227 AD3d 567, 567 [1st Dept 2024]).
The venue provision of the parties' promissory note, which designated Supreme Court, New York County as the proper forum to adjudicate any dispute or controversy arising under the note, does not preclude arbitration of plaintiff's claims. Plaintiff satisfied the note during the pendency of this case and the relief sought in connection with the note stems from defendant's alleged regulatory violation, not from any breach of the note itself. Accordingly, the venue provision of the note has no bearing on whether this matter can be arbitrated.
Supreme Court properly denied plaintiff's ancillary motions, as the relief plaintiff sought in those motions was directly related to or intertwined with the arbitrable claims arising from defendant's alleged violation of Securities and Exchange Commission Regulation T. Therefore, the issues underlying the motions were properly denied without prejudice pending completion of the arbitration (see Protostorm, Inc. v Foley & Lardner LLP, 193 AD3d 486, 487 [1st Dept 2021]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 5, 2024